UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60111-BLOOM

UNITED STATES OF AMERICA,

v.

MARY STAPLETON

    Defendant.
_____/

**ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO
18 U.S.C. § 3582(c)(1)(A)(i)**

**THIS CAUSE** is before the Court upon Defendant Mary Stapleton's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"), ECF No. [30]. The Government filed a Response in Support ("Response"), ECF No. [35]. The Court has reviewed the Motion, the supporting submissions, the record, and is otherwise fully advised. For the reasons that follow, Stapleton's Motion is granted.

**I. BACKGROUND**

On July 18, 2017, Stapleton pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. [16]. In the Factual Proffer, Stapleton admitted entering a SunTrust Bank in Pompano Beach, Florida, and then walking up to a bank teller and then handed the teller a note which read: "this is a hold up, put $2,000 in the envelope, no dye pack." ECF No. [17]. As the bank just opened, the teller explained there was very little money and gave Stapleton $100, which she took and then left the bank. *Id*. Stapleton was then living in a transitional housing facility and had recently been released from prison for bank robbery. *Id*. Upon her arrest, she waived her Miranda rights, and then admitted to the bank robbery at SunTrust Bank. *Id*.

In her Presentencing Investigation Report ("PSI") Stapleton was designated a career offender because she had at least two prior felony convictions for a crime of violence, a 2007 Florida robbery conviction, a 2010 federal robbery conviction, and a 2013 conviction for attempted robbery in New York. ECF No. [21]. Furthermore, her PSI calculated a total offense level of 29, 14 criminal history points, and a criminal history category VI; her advisory guideline range was 151 to 188 months.

On September 26, 2017, this Court sentenced Stapleton to 151 months of imprisonment, followed by three years of supervised release (DE 23). She is presently at FMC Carswell, a federal medical center in Fort Worth, Texas. *See* BOP Inmate Locator, register number 91350-004, available at https://www.bop.gov/inmateloc/ (as of May 7, 2024). Stapleton has served approximately 84 months of her 151-month sentence, which equates to approximately 56% of her full term and 66% of her statutory term of imprisonment.

Defendant seeks release from custody pursuant to the Compassionate release provision of the First Step Act, 18 U.S.C. § 3582(c )(1)(A)(i), due to her significant medical conditions.

## II.   LEGAL STANDARD

### A. Compassionate Release

In order to grant Defendant's request pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must: (1) find Defendant has exhausted her administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate

deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwanted disparities among defendants; and (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), cert. denied, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

### III.  DISCUSSION

As an initial matter, the Government concedes that Defendant has exhausted her administrative remedies. The Government also agrees that Defendant's medical conditions qualify as extraordinary and compelling for compassionate release under U.S.S.G. § 1B1.13(b)(1)(B)(i). The

medical records reveal that she suffers from a serious medical condition that substantially diminishes her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover. Specifically, Defendant is diagnosed with Aphasia—the loss of ability to understand or express speech due to brain damage, hypertension, hyperlipidemia, hypothyroidism, muscle spasm, type II diabetes, and seizure disorder. She is bedbound, incontinent, and requires 24-hour total care to manage all aspects of her activities of daily living. A neurological examination confirms left spastic hemiplegia and disorientation to place and time. She is classified as a BOP medical level care 4, the highest care level.

The Government points out that Defendant's BOP Continuity of Care Plan, dated March 14, 2024, reveals that her sister is aware of her prognosis and able to provide her with the necessary care if granted a sentence reduction. Moreover, the BOP social worker would assist the family with Defendant's release needs and the financial benefits resources, including application for Medicaid and social security benefits. The family's proposed release plan is for Defendant to reside at Lindsay's Alternative Care, an assisted living facility in Coral Springs, Florida. The Government agrees, and the Court finds, Defendant has an adequate release plan.

Additionally, the applicable 18 U.S.C. § 3553(a) factors do not weigh against relief, and she does not present a danger to the community. Although Stapleton was sentenced as a career offender, she no longer presents a danger to the community given her medical conditions. The Court also finds that Defendant's sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Compassionate Release**, ECF No. [30]**, is **GRANTED**.

2. Mary Stapleton shall be immediately released to Lindsay's Alternative Care, Inc., 1763 N.W. 85 Dr., Coral Springs, FL 33071, once arrangements have been made with the facility (Joan – 954-383-1295; alternatecarealf@aol.com, for her transport.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record